UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEPHEN F.P. CIOLINO,<br><br>    Plaintiff(s),<br><br>v.<br><br>STATE OF NEVADA EX REL, et al.,<br><br>    Defendant(s). | Case No. 2:23-cv-00030-ART-NJK<br><br>**ORDER**<br><br>[Docket No. 62] |

    Pending before the Court is Defendants' motion to compel discovery, filed on December 23, 2024. Docket No. 24. Plaintiff filed a response. Docket No. 64. The deadline for the reply brief has not yet expired. The Court construes Plaintiff's response as arguing that the motion to compel is untimely. *See, e.g.*, Docket No. 64 at 2-3.[1]

    On March 25, 2024, the Court issued a scheduling order and the parties were free to engage in discovery at that juncture. Docket No. 33. It appears that, as of at least November 1, 2024, Defendants had not sought any discovery from Plaintiff. *See* Docket No. 60 at 5 (defense briefing indicating that an extension "would provide Defendants with an opportunity to issue discovery to Ciolino"). On November 4, 2024, the Court reset the discovery cutoff to December 16, 2024, and the outer deadline for discovery motions for December 30, 2024. Docket No. 61. Those deadlines currently remain in place. On November 13, 2024, defense counsel served Plaintiff (a *pro se* inmate) with dozens of interrogatories and requests for admissions spanning nearly 200 pages. *See*

---

[1] The Court liberally construes the filings of *pro se* litigants, particularly those who are prisoners bringing civil rights claims. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013). Even were the Court to not construe Plaintiff as raising at timeliness argument, however, the Court may raise the issue *sua sponte*. *Garcia v. Serv. Emps. Int'l Union*, 332 F.R.D. 351, 354 n.2 (D. Nev. 2019).

1

Docket No. 62-1 at 2-131 (interrogatories); *see also* Docket No. 64 at 9-71 (requests for admission). Defendants now argue in their pending motion to compel that this discovery was proper because it was mailed 33 days before the discovery cutoff on November 13, 2024. *See* Docket No. 62 at 3, 5.[2] The pending motion to compel was filed on December 23, 2024, which is after the discovery cutoff but before the outer deadline set for filing discovery motions. Defendants have represented elsewhere that resolution of the motion to compel may only invite the need for further delay and more discovery motion practice. *See, e.g.*, Docket No. 63 at 3.

"Deadlines do not grant the parties carte blanche rights to demand sizeable discovery requests up to the last possible minute. Discovery is meant to be a balanced and, hopefully, front-loaded process, not one involving deadline brinkmanship." *Haviland v. Catholic Health Initiatives-Iowa, Corp.*, 692 F. Supp. 2d 1040, 1044 (S.D. Iowa 2010). To that end, parties must be diligent throughout the entirety of the discovery period. *See Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022); *see also Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012) ("The diligence obligation is ongoing"). Motions to compel discovery may be deemed untimely when they are filed too late based on a consideration of a variety of factors. *See, e.g.*, *Herndon v. City of Henderson*, 507 F. Supp. 3d 1243, 1247-48 (D. Nev. 2020). The mere fact that a motion to compel is filed before the outermost deadline for discovery motions (or even during the discovery period), does not necessarily insulate that motion from a successful challenge based on its timing. *See, e.g.*, *id.* at 1247-48 & n.5 (citing, *inter alia*, *U.S. E.E.O.C. v. Pioneer Hotel, Inc.*, No. 2:11-cv-01588-LRH-GWF, 2014 WL 5045109, at *1-2 (D. Nev. Oct. 9, 2014)).

---

[2] Plaintiff represents that he did not receive the interrogatories and requests for admission in prison until November 18, 2024. *See* Docket No. 64 at 1.

In addition to responding to the other arguments raised in Plaintiff's responsive brief,[3] Defendants must include robust discussion in their reply as to why the motion to compel should not be denied as untimely.

IT IS SO ORDERED.

Dated: December 30, 2024

                                                  Nancy J. Koppe
                                                  United States Magistrate Judge

---

[3] It would appear, for example, that Plaintiff is also raising an undue burden argument in construing his filing broadly.