UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEPHEN F.P. CIOLINO,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>STATE OF NEVADA EX REL, et al.,<br><br>　　　　Defendant(s). | Case No. 2:23-cv-00030-ART-NJK<br><br>**ORDER**<br><br>[Docket Nos. 73, 74, 75, 82, 87, 88] |

Pending before the Court is Plaintiff's Motion for Leave to Seek Order for the Departments to follow the Law, which was filed twice. Docket Nos. 73, 74.[1] Defendants filed a response in opposition. Docket Nos. 76, 77. Plaintiff filed a reply. Docket No. 79. Also pending before the Court is Plaintiff's Motion for Leave to file by U.S. Mail. Docket No. 75. Defendants filed a response in opposition. Docket No. 78. Plaintiff filed a reply. Docket No. 80. Also pending before the Court is Plaintiff's motion for contempt sanctions. Docket No. 82. Defendants filed a response in opposition. Docket No. 85. Plaintiff filed a reply. Docket No. 86. Also pending before the Court is Plaintiff's *ex parte* motion re: new information, Docket No. 87, and Plaintiff's motion for leave to file *ex parte* motion, Docket No. 88. The motions are properly resolved without a hearing. *See* Local Rule 78-1.

**I.　　Motion to Follow the Law**

In this motion, Plaintiff raises accusations of wrongful conduct with respect to his review and use of medical records. Docket Nos. 73, 74. Although not entirely clear, it appears that the primary point of concern involves Plaintiff's effort to send medical records by mail to a non-lawyer, which was not allowed by prison officials given the manner of mailing. *See* Docket No.

---

[1] The Court liberally construes the filings of *pro se* litigants, particularly those who are prisoners bringing civil rights claims. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013). The papers are meandering and at times hard to follow. The Court has endeavored to focus on the main issues in dispute. Any requests not addressed herein are denied without prejudice.

1

73 at 2-4; *see also* Docket No. 76 at 4-5.  The motion also references limitations on access to the law library.  *See, e.g.*, Docket No. 73 at 2-3.  Plaintiff seeks as relief the preservation of law library video footage, production of the phone logs of opposing counsel, and an RMF medical file.  Docket No. 73 at 4-5.[2]

The relief being requested does not appear to relate to the claims alleged in this case.  *See* Docket No. 12 (screening order).  Instead, the gist of the motion appears to be that Plaintiff is attempting to create an evidentiary basis from which to formulate new claims based on retaliation.  *See* Docket No. 73 at 4; *see also, e.g.*, Docket No. 75 at 3 ("Plaintiff shall be filing for exemplary or punitive damages and the end of this case in a different filing").  The discovery process in this case is not a proper means to obtain evidence to formulate a new claim.  *See, e.g.*, *Dominguez v. Corp. of Gonzaga Univ.*, 2018 WL 3338181, at *2 (E.D. Wash. Apr. 19, 2018) ("it is improper to use discovery in search of a factual predicate to support a future complaint").[3]

Accordingly, this Motion to Follow the Law will be denied.

**II.     Motion for Leave to File Via U.S. Mail**

In this motion, Plaintiff re-asserts the mailing issue discussed above and also accuses NDOC officials of removing an exhibit from the earlier motion practice.  *See* Docket No. 75 at 2-3.  Plaintiff asserts that these allegations constitute a claim for denial of access, which he intends to bring after this case concludes.  *See id.* at 3.  Plaintiff also seeks issuance of an order that he be permitted to file by mail, rather than comply with the generally applicable requirement to file electronically through the law library.  *See id.* at 4.

---

[2] The motion also appears to seek relief from from the expert disclosure deadline, Docket No. 73 at 5, but Plaintiff clarifies in reply that he does not seek relief from discovery-related case management deadlines, *see* Docket No. 79 at 2.

[3] Plaintiff also references obtaining this relief as part of an effort to seek sanctions.  Docket No. 73 at 4.  As discussed below, Plaintiff has since filed a motion for contempt sanctions, Docket No. 82, which is being denied on other grounds.

As to Plaintiff's assertion of a cause of action, that issue is not properly before the Court. As Plaintiff appears to recognize, any new cause of action arising out of these events is not within the scope of this case and would need to be raised in a separate action. *See id.* at 3.[4]

As to Plaintiff's request to file by mail, the Court is not persuaded that the relatively discrete instance identified is sufficient justification to depart from the governing general order. It is now mandatory that prisoners file court documents electronically through the law library. Fifth Am. Gen. Order 2012-01. The Court is not persuaded that this mandatory requirement should be obviated based on the allegations made by Plaintiff here, which appear to relate to a particular incident regarding motion practice that is being denied at any rate.[5] Both Plaintiff and the prison officials are urged to work cooperatively together moving forward such that the process for filing is a smooth one. This Court trusts the parties can focus their attention on adjudicating the claims and defenses pled in this case, rather than litigating side issues regarding the manner of filing.

Accordingly, the Motion for Leave to File Via US Mail will be denied.

## III. Motion for Civil Contempt

In this motion, Plaintiff reasserts the same circumstances discussed above primarily regarding the incident involving his mail and filing. *See* Docket No. 82 at 2-3. Plaintiff seeks an order holding Defendants in civil contempt until they comply with the Court's orders. *See id.* at 3-5. As Plaintiff's motion notes, civil contempt may be imposed when a litigant has "violated a specific and definite order of the Court." *Id.* at 4 (quoting *F.T.C. v. Affordable Media*, 179 F.3d

---

[4] As Plaintiff also appears to recognize elsewhere, such a claim may be subject to the required grievance procedures. *See* Docket No. 86 at 3.

[5] To be perfectly clear, the Court is not endorsing Defendants' position in making this ruling. Defendants contend that the law library removed from Plaintiff's filing a document that Defendants say he was not entitled to possess and that Defendants believe to be irrelevant to this case. Docket No. 78 at 3-4. Putting aside the merits of those underlying contentions, which the Court need not decide herein, it is not clear that prison officials have the discretion or the authority to determine for themselves which of a prisoner litigant's documents should be filed with the Court. *See* Fifth Am. Gen. Order 2012-01 at ¶ 5. Particularly as Plaintiff apparently intends to file a separate lawsuit on this precise issue, however, the Court will not opine further on the subject herein.

1228, 1239 (9th Cir. 1999)) (emphasis added).[6] Plaintiff's motion references vaguely "[t]he Order of Discovery . . . handed down by the Court," Docket No. 82 at 3, but the motion does not specifically identify any order issued by the Court that he contends has been violated by Defendants.[7] Moreover, the accusations being made as to the mailing and filing issues do not appear to relate to any specific order issued in this case.[8] Accordingly, the Motion for Civil Contempt will be denied.[9]

### IV. Conclusion

For the reasons stated above, Plaintiff's pending motions at Docket Nos. 73, 74, 75, 82, 87, 88 are **DENIED**.

IT IS SO ORDERED.

Dated: March 31, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[6] For example, a violation of a discovery order may result in a finding of contempt. Fed. R. Civ. P. 37(b)(2)(A)(vii). Violating one's discovery obligations untethered to any order issued by the Court, on the other hand, is not sanctionable as a matter of contempt. *See* Fed. R. Civ. P. 37(d)(3) (excluding as a possible sanction the contempt provision in Rule 37(b)(2)(A)(vii)).

[7] Defendants contend that Plaintiff has not shown "any violation of this Court's discovery order." Docket No. 85 at 5. Again, the Court is not clear what order is being referenced here.

[8] Plaintiff's *ex parte* motion to supplement, Docket No. 87, does not change the outcome of this order. Accordingly, that motion will be denied. Plaintiff's motion indicating that his *ex parte* motion was not filed by prison officials, Docket No. 88, is not well-taken because the *ex parte* motion was in fact filed. Accordingly, that motion will be denied.

[9] Once again, the Court will make clear explicitly that it is not making any ruling regarding any of the alleged conduct, it is simply ruling that the motion has not identified an order issued by the Court in this case that has been violated.