1

2          UNITED STATES DISTRICT COURT

3              DISTRICT OF NEVADA

4

5   STEPHEN F. P. CIOLINO,              Case No. 2:23-cv-00030-ART-NJK

6              Plaintiff,               ORDER ON DEFENDANTS'
                                        OBJECTION TO MAGISTRATE
7        vs.                           JUDGE ORDER & MOTION TO
                                        EXTEND TIME
8   STATE OF NEVADA EX REL, et al.,     (ECF Nos. 95, 96)

9              Defendants.

10          Before the Court is Defendants' objection to Magistrate Judge Koppe's

11  order denying their motion to compel. (ECF No. 95.) For the reasons stated below,

12  the Court overrules Defendants' objection.

13  **I.      Background**

14          On November 4, 2024, the Court granted Plaintiff's motion to extend the

15  case deadlines by 45 days and issued a scheduling order which set the discovery

16  cutoff date for December 16, 2024. (ECF No. 61.) One week after the discovery

17  cut-off date, on December 23, 2024, Defendants filed a motion to compel requests

18  for interrogatories and admissions from Plaintiff Ciolino. (ECF No. 62.)

19  Defendants alleged that they had served Plaintiff with interrogatories and

20  requests for admission on November 13, which was more than 30 days before the

21  Court's discovery deadline, and that he had refused to respond to them. (*Id.*)

22  Plaintiff filed an opposition, arguing that the discovery request had been

23  untimely. (ECF No. 64.) The Court then issued an order expressing concerns

24  about the motion and ordered Defendants to respond, stating, "[i]n addition to

25  responding to the other arguments raised in Plaintiff's responsive brief,

26  Defendants must include robust discussion in their reply as to why the motion

27  to compel should not be denied as untimely." (ECF No. 67 at 3.) Defendants filed

28  a response accordingly. (ECF No. 69.)

1

Judge Koppe denied Defendants' motion to compel. (ECF No. 91.) The order found that the discovery request sent by Defendants was untimely because it was actually placed in the mail on November 14, which is less than 33 days before the discovery cutoff on December 16. (*Id.* at 3.) The order relied on another order from this district holding that "[i]f served by mail or electronic means, then the discovery requests should be served 33 days before the discovery cut-off date to account for the additional 3 days for response provided by Fed. R. Civ. Pro. 6(b)." *Adobe Sys. Inc. v. Christenson*, No. 2:10-CV-00422-LRH, 2011 WL 1322529, at *2 n.1 (D. Nev. Apr. 5, 2011).

## II.    Standard of Review

Magistrate Judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a). A district court will thus defer to a magistrate judge's nondispositive order unless it is clearly erroneous or contrary to law. *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *24-7 Grp. Of Companies, Inc. v. Roberts*, No. 3:13-CV-00211-MMD-WGC, 2014 WL 12707232, at *2 (D. Nev. Nov. 21, 2014); (quoting *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010)). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Id.* (quoting *Conant v. McCoffey*, C97–0139, 1998 WL 164946, at *2 (N.D. Cal. Mar.16, 1998)).

## III.    Defendants' Objections

Defendants object that (1) the discovery deadline of December 16 was a scrivener's error, and the actual discovery deadline should have been December 19, (2) there is no binding legal authority holding that written discovery must be served 33 days before the discovery deadline, and (3) the Court's order made legal

2

arguments on behalf of Plaintiff.

**A. Discovery Deadline**

Defendants first point out what they believe to be a scrivener's error in the Court's order granting Plaintiff an additional 45 days as to case deadlines. Accordingly, they argue that the Magistrate Judge's finding that the discovery requests were served 32 days before the close of discovery was clearly erroneous. Defendants correctly point out that 45 days from the Court's November 4, 2024 order would have been December 19, 2024, not December 16, 2024. However, the Court finds that the order was clear about the discovery cutoff date, as it explicitly stated that "Case management deadlines are RESET as follows . . . Discovery cutoff: December 16, 2024." (ECF No. 61 at 2.) If Defendants had wanted clarification on the date discovery was due, they could have moved the Court to clarify and noted this discrepancy. They did not. Defendants had more than adequate notice that the Court had set the discovery deadline on December 16, 2024. Judge Koppe's finding that the discovery requests were served 32 days prior to the discovery cutoff of which all parties were aware was not clearly erroneous.

Additionally, Judge Koppe's order was correct to reject Defendants' argument that depositing the sealed envelope with the discovery requests with the General Services Department is the same as depositing it in a post box. The law that Judge Koppe's order cited is very clear: the date for service is "the date a document was 'placed in the hands of the United States Post Office or in a Post Office Box.'" (ECF No. 91 at 2) (quoting *Theede v. U.S. Dept. of Labor*, 172 F.3d 1262, 1266 (10th Cir. 1999)). Placing the requests in an outbox for later mailing is not equivalent to actually mailing the requests.

**B. Requirement to Serve Discovery Requests 33 days Before Close**

Next, Defendants argue that the Magistrate Judge's holding that discovery requests by mail must be served 33 days before the close of discovery is contrary

to law because there is no "published, binding" legal authority supporting this position. Judge Koppe's order cited *Adobe Sys. Inc.*, 2011 WL 1322529, at *2, which stated that discovery requests served by mail must be served 33 days before the discovery cutoff. There are at least two decisions from this district stating the same, *Bishop v. Potter*, No. 2:08-CV-00726-RLH, 2010 WL 2775332, at *2 (D. Nev. July 14, 2010) ("While discovery requests *should generally be served at least 33 days prior to the close of discovery*, this requirement is not absolute.") (emphasis added)); *Aevoe Corp. v. AE Tech Co.*, No. 2:12-CV-00053-GMN, 2013 WL 4701192, at *1 (D. Nev. Aug. 30, 2013) ("As such, discovery requests served by email should be served at least 33 days prior to the discovery cutoff.").

In addition, "[c]ommon sense dictates that any requests for discovery must be made in sufficient time to allow the opposing party to respond before the termination of discovery . . ." *Adobe*, 2011 WL 1322529, at *2 (quoting *N. Indiana Pub. Serv. Co. v. Colorado Westmoreland, Inc.*, 112 F.R.D. 423, 424 (N. D. Ind. 1986)). It follows that if the party receiving discovery requests has a certain number of days in which to complete them, service should occur at the very least that many days in advance of the discovery cutoff. "It is also well settled that, to comply with the scheduling order, discovery must be sought in advance of the discovery cutoff such that it is <u>obtained</u> prior to the discovery cutoff." *Thomas v. Clark Cnty.*, No. 2:22-CV-00899-GMN-NJK, 2024 WL 3582024, at *1 (D. Nev. Mar. 6, 2024) (emphasis in original).

Some courts have found that "[w]hile discovery requests should generally be served at least 33 days prior to the close of discovery, this requirement is not absolute," and excused the failure to comply with this deadline "if it is not excessive." *Bishop*, No, 2010 WL 277533, at *2; *see also Lowe v. Vadlamudi*, No. 08-10269, 2012 WL 3758832, at *1 (E.D. Mich. Aug. 29, 2012). Defendants cite *Aevoe Corp.*, 2013 WL 4701192, a previous order in which Judge Koppe ordered a party to respond to a discovery request that was served by email 31 days before

the discovery cutoff. In that order, Judge Koppe stated that "the Court has discretion to excuse the failure to comply with the deadline if it is not excessive," and excused the untimeliness, ordering the receiving party to respond. *Id.* at *1. In that case, both parties were represented.

Here, in contrast, Judge Koppe's order explicitly stated that the court "declined to exercise its discretion to excuse any untimeliness" because of the circumstances of this case: Defendants are represented by counsel, Plaintiff is a pro se prisoner, the discovery requests were voluminous, and discovery requests were served in mid-November when the scheduling order was issued in March. (ECF No. 91 at 3 n.4.) "In short, Defendants are counseled parties who were not diligent in discovery and attempted to short-change a pro se prisoner to respond to 200 pages of discovery in only 28 days." (*Id.*)

Defendants should have served the requests on Plaintiff at least 33 days before the close of discovery and failed to do so. While Judge Koppe could have excused the untimeliness, she had the discretion not to. Accordingly, the decision was not contrary to law and the Court overrules this objection.

### C. Ciolino's Legal Arguments

Finally, Defendants argue that Judge Koppe erred by making legal arguments on behalf of the Plaintiff. In his opposition to Defendants' motion to compel, Plaintiff argued that the requests for admission were untimely and cited Federal Rule of Civil Procedure 36(a)(3), which provides that responses to requests for admissions must be completed within thirty days of being served. He argued that he received the requests on November 18, 2024, which he argues was two days late. Defendants' motion to compel argued that the requests were mailed on November 13. Judge Koppe's order instead found that the postmarked envelope containing the request is dated November 14, 2024. Judge Koppe's order found that "neither side ha[d] correctly framed the issue," and proceeded to analyze what date the requests should have been mailed for them to be timely.

This does not amount to making arguments for the Plaintiff—Plaintiff had obviously argued that the requests had been served on him late, and filings of pro se litigants, particularly those who are prisoners bringing civil rights claims, are construed liberally by the Court. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013). Judge Koppe's did not err in determining this issue because "the Court has its own duty to correctly articulate and apply the law." (ECF No. 91 at 3 n.3) (quoting *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000)).

## IV.    Defendants' Motion to Extend Time to File Dispositive Motions

Defendants filed a request for a 60-day extension to file dispositive motions, given that this objection was pending. (ECF No. 96.) Plaintiff opposes this request. (ECF No. 97.) The Court, however, finds that there is good cause to grant the extension in part as it is necessary for Defendants to know the result of this objection before preparing a summary judgment motion. The Court therefore grants Defendants' motion in part. The Court's most recent case management order provided for 30 days between the close of discovery and the dispositive motion deadline. (ECF No. 61.) Accordingly, the Court will set the dispositive motion deadline at 30 days from the date of this order.

## V.    Conclusion

It is therefore ordered that Defendants' objection to Judge Koppe's order denying their motion to compel (ECF No. 95) is OVERRULED.

It is further ordered that Defendants' motion to extend time (ECF No. 96) is GRANTED IN PART. Dispositive motions shall be due thirty days from the date of this order.

Dated this 9th day of July, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE